# IN THE COURT OF APPEALS OF IOWA

No. 13-1772
Filed January 28, 2015

**DURIUS ANTWAN DAVIS,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer,

Judge.

　　　　Durius Davis appeals from the district court's dismissal of his application

for postconviction relief. **AFFIRMED.**

　　　　Darrell G. Meyer, Marshalltown, for appellant.

　　　　Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant

County Attorney, for appellee State.

　　　　Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Durius Davis appeals from the district court's dismissal of his application for postconviction relief.

## I. Factual and Procedural Background

On June 28, 2009, Davis was talking with Corvelous Caston on the sidewalk in a residential neighborhood of Waterloo. Caston turned and began to walk away from Davis. Davis drew a firearm and shot Caston. Caston fell to the ground, and Davis fired several more shots downward at Caston before fleeing the scene. Tracy Seals, a resident of the house in front of which the shooting occurred, observed the entire incident. After fleeing the scene, Davis met with his girlfriend, Lesha Lynn. He told her that "he shot somebody" five or six times.

Davis was later intercepted by the police, who took him into the station for a lengthy interrogation. By the end of the four-hour interrogation, Davis told officers he had been near the scene of the shooting, heard shots, and saw the victim fall to the ground. In his statements to the officers, he adamantly denied shooting Caston.

Caston recovered from his injuries and testified at trial along with Seals and Lynn. Davis was convicted of willful injury causing serious bodily injury with a firearm. Davis appealed, claiming his trial attorney was ineffective on four bases, but this court declined to rule because the state of the record and preserved Davis's claims for postconviction relief. *See State v. Davis*, No. 10-1935, 2012 WL 150481, at *1 (Iowa Ct. App. Jan. 19, 2012). He applied for

postconviction relief from the district court.[1]  The district court denied the application after a thorough review of the record of Davis's interrogation, finding no evidence the statements were made involuntarily and that any prejudice from the redacted statements entered into evidence was harmless.  Davis appeals.

## II. Standard of Review

"We review ineffective-assistance-of-counsel claims de novo."  *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014).

## III. Discussion

To receive postconviction relief for ineffective assistance, an applicant must show by a preponderance of the evidence that counsel breached an essential duty and that prejudice resulted.  *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).  "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently."  *Ledezma*, 626 N.W.2d at 142.

To demonstrate prejudice, the applicant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Lamasters*, 821 N.W.2d at 866.  We make such a determination by asking whether there is a reasonable probability that, absent counsel's alleged errors, "the factfinder would have had a reasonable doubt respecting guilt."  *Id.*

---

[1] Davis applied for postconviction relief in two cases: a robbery in which he entered a guilty plea and this conviction after jury trial for willful injury causing serious injury.  Both claims were denied.  He raises on appeal only the issue of the absence of a motion to suppress his statements in the willful-injury case.

Davis claims his counsel was ineffective for failing to seek suppression of statements he made during his interrogation. However, even if those statements, which were largely denials of his involvement in the shooting, had been suppressed, there is overwhelming evidence of Davis's guilt in this case. The eyewitness testimony of the victim and Seals combined with the testimony of Lynn—to whom Davis confessed on the night of the incident—are overwhelming evidence of Davis's guilt. The suppression of the redacted statements to the police would not result in a reasonable doubt respecting Davis's guilt.

Because Davis was not prejudiced by the admission of the statements he made during police interrogation, we need not determine whether his counsel breached a duty in failing to move for their suppression. The district court properly dismissed Davis's application for postconviction relief.

**AFFIRMED.**